UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Michael Robert Davis and | ) | Case No. 07-50648 |
| Donna Diane Davis, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## ORDER AND OPINION SUSTAINING OBJECTION AND DENYING CONFIRMATION OF PLAN

This matter came before the court for hearing on September 12, 2007 upon CitiFinancial Auto Corporation's Objection to Confirmation of Plan. At the hearing, James E. Vaughan appeared on behalf of CitiFinancial Auto Corporation ("CitiFinancial"); Jeffrey P. Farran appeared on behalf of the Debtor; and Julie Luckey appeared on behalf of the Chapter 13 Trustee. Based upon a review of the pleadings and the evidence presented, this court makes the following findings of fact and conclusions of law:

The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 27, 2007 (the "Petition Date"). The female Debtor, Donna Davis, purchased a 2001 Dodge Ram 3500 Pickup (the "Vehicle") on October 20, 2005, less than 910 days before the Petition Date. CitiFinancial provided the purchase money financing for this Vehicle. As part of this transaction, Mrs. Davis signed a Retail Installment Sales Contract to finance a principal amount of $27,626.70. The Contract provides for 60 equal monthly payments of $646.42. Mrs. Davis granted CitiFinancial a security interest in the Vehicle, and CitiFinancial perfected its security interest by placing a lien against the Vehicle's title.

On Schedule B of their petition, the Debtors listed the Vehicle and a 1996 Toyota Corolla

as the sole property of Mrs. Davis.  On Schedule I, the Debtors indicated that Mr. Davis was employed as a server at Franco's Italian Restaurant with an income of $394.00 per month and had been employed there for a period of fourteen months.  Mrs. Davis was employed as a senior authorizer with the Department of Veterans Affairs with an income of $6,188.00 per month.

On June 26, 2007, the Trustee filed a Notice and Proposed Order of Confirmation in the case in which the Debtors proposed to value the Vehicle at $18,115.00 and pay that amount as a secured claim with an interest rate of 9.5%.  As of July 3, 2007, the principal amount of the indebtedness owed by Mrs. Davis to CitiFinancial was $25,522.99.  CitiFinancial filed an objection to confirmation on July 9, 2007 (the "Objection") contending that the Debtors were required to pay CitiFinancial's claim in full pursuant to 11 U.S.C. § 1325(a) and the so-called "hanging paragraph" located after § 1325(a)(9).

In this instance, the relevant portion of the "hanging paragraph" in 11 U.S.C. § 1325(a) prohibits the use of § 506 "if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle. . . acquired for the personal use of the debtor."  Essentially, this provision requires a debtor to pay in full a claim secured by a purchase money security interest in a vehicle, if that vehicle was purchased for the personal use of the debtor within 910 days of the petition date (hereinafter referred to as a "910 claim"). *See In re Johnson,* 337 B.R. 269 (Bankr. M.D.N.C. 2006).

In this case, the Debtors' assert that CitiFinancial's claim is not a 910 claim because the Vehicle was not acquired for the personal use of the Debtors, rather, it was acquired for the use of Mr. Davis in his farrier business.  At the hearing on CitiFinancial's Objection, the Debtors

presented testimony that the Vehicle was purchased by Mrs. Davis because she had better credit, but that the Vehicle was intended for the use of Mr. Davis.  At the time the Vehicle was purchased, Mr. Davis was participating in a program to become a farrier.  Upon completion of the farrier program, Mr. Davis became a server at Franco's Italian Restaurant and worked as a farrier to supplement his income.  Mr. Davis used the Vehicle for transportation to and from his job at the restaurant, as well as for his work as a farrier.  Mrs. Davis testified that she had driven the Vehicle on less than a dozen occasions, and those occurred when she was traveling with her husband on a job out of town.  Approximately, thirty days after the Petition Date, Mr. Davis was laid off from his job as a server, and he began to work as a full-time farrier.  The Vehicle is currently used almost exclusively in Mr. Davis's farrier business.

     The court has no doubt that the Vehicle is presently being used primarily for business purposes; however, the hanging paragraph requires the court to look at the purpose for which the Vehicle was acquired, not its present use.  Based upon the evidence presented, the court finds that the Vehicle was acquired for the personal use of the Debtors.  There is simply no evidence that Mr. Davis operated a business until after the Petition Date, and the Vehicle was purchased approximately 18 months prior that date.  There is nothing on the Debtors' Petition to indicate that, at any time prior to the Petition Date, the Vehicle was used for business purposes or that either of the Debtors operated any type of business.   Mr. Davis listed no tools of his trade on Schedule B or his exemptions.  On Schedule I, Mr. Davis indicated that his only source of income was from his employment as a server at a restaurant.  On the Form 22C, Mr. Davis listed no income from the operation of a business for the six month period prior to the Petition Date.  Rather, when the Vehicle was acquired, Mr. Davis was in school with the goal of becoming a

farrier at some point in the future. The Debtors may have speculated that the Vehicle could be utilized in a farrier business, but all of the evidence indicates that, until recently, the Vehicle was actually utilized for the purpose of transporting Mr. Davis to his farrier program, and subsequently, to his job at a restaurant. In this case, the court simply cannot find that the Vehicle was acquired for business use when the Debtors presented no evidence that Mr. Davis actually operated a farrier business until more than 18 months after the Vehicle's purchase.

Based upon the foregoing, CitiFinancial Auto Corporation's Objection to Confirmation of Plan is sustained and confirmation of the Debtors' plan is denied. The Debtors are directed to propose an amended plan within 20 days of the entry of this order.

## SERVICE LIST

Michael Robert Davis
Donna Diane Davis
3160 Dunn Drive, Lot 42
Winston Salem, NC 27103-5959

Jeffrey P. Farran
706 Green Valley Road
Suite 505
Greensboro, NC 27408-7023

James E. Vaughan
206 North Spruce Street
Suite 2A
Winston Salem, NC 27101


Kathryn L. Bringle
P. O. Box 2115
Winston Salem, NC 27102-2115